Harper, J.
We think there was error in the instruction of the presiding judge to the jury respecting the possession of William Pratt from 1809 to 1819. The judge states as a reason for the opinion that his possession was not adverse, that “he had often acknowledged that he was not the owner”. These acknowledgements seem all to have been made with reference to the claim of Davis. As to all the rest of the world but *441 Davis, his possession was adverso. The plaintiffs have shewn no title in themselves, and certainly have not shewn that they claim under Davis. Though a man may be in possession in the right of another it does not follow that any stranger may recover it of him.
Then to as to the possession of the defendant from 1819, after the death of her husband, the judge states that “the defendant took title of John Pratt, January 1821, the'day after he had purchased the land of Dowdle, which appeared to me to recognize the title in John Pratt up to that time. That if so the defendant could not have had adverse possession, &c.”
As Í have before observed, the., plaintiffs have shewn no title in themselves, and independently of any title which defendant may have acquired by possession, they cannot recover unless defendant be estopped by accepting a title from John Pratt to deny his title or that the lien of M’Daniel’s judgment ¿ftached upon the land. I do not think that she is thus es-topped. Though it is said in general that estoppels ought to be reciprocal, yet a deed poll is held to be the deed of the party making it alone, and concludes him only. In Co. Lit. 283, b. it is said that if a man be -disseised and take back an estate of the disseisor by deed poll, he is remitted to his former estate. That is to say he is not estopped by his acceptance of the deed. It is otherwise if it be by deed of indenture. “And the reason wherefore a deed indented shall conclude the taker more than a deed poll, is for that the deed poll is only the deed of the feoffor, donor and lessor; but the deed indented is the deed of both parties, and therefore as well the taker as the giver is concluded.”
It is true that a man may be estopped by his act, or as it is termed by matter in pais “as by livery, by entry, by acceptance of rent, by partition, and by acceptance of an estate.” Co. Lit. 252, a. But is not the acceptance of the deed an acceptance of an estate? It is to be recollected that by the English law a transfer of an estate is always accompanied by a transfer of possession. Anciently livery of seisin was necessary to convey the fee. By the English statutes of maintenance, 1 R. 2 C. 9, and 32 H. 8, C. 9. no interest or estate whatever in land could be sold or conveyed, where the seller Was not in actual possession. Here was an act done, an entry made, which, according to Littleton’s phrase Was properly “by matter in the country.”
If a man enters into possession under a lease or contract to rent, he is estopped to deny the landlord’s title, though the title may be in fact in himself. He is estopped by his act in entering under the lease or contract. And this is conformable to reason and justice. If there is to be a contest about the *442 title, he ought not to be allowed to gainso important an advantage as possession by this indirect means. But if a person already in possession should admit the title to be in another and promise to pay rent, or even accept a lease, why should he be estopped to shew the truth, if the admission was made mistakenly. An admission is not an act, and though it is always evidence, has never been held to conclude the party from shewing the truth, if it has been made by mistake. In this case no undue advantage is, gained.
Williams, for the motion.
Hill, contra.
So if this defendant had gained possession of John Pratt, there would be more reason to contend that she was estopped from denying his title. But she was in possession and had long been so. She gained no undue advantage by accepting the deed. The stat. 32 H. 8 itself allows parties in possession to buy up outstanding titles, and certainty it would be a great hardship if they were not permitted to do so. Perhaps a deed- of quit claim might be a better form of deed, but the form cannot be material.
The motion is granted.
JohNsoN, J. concurred.
O’Neall, J. dissented.